FILED
AUG 29 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CYNTHIA LUNSFORD, <br> formerly known as CYNTHIA POMPA <br><br> Plaintiff, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC. <br><br> Defendant. | CIVIL ACTION No. 1:08cv890 GBL/TRJ <br> COMPLAINT AND <br> DEMAND FOR JURY <br> TRIAL |

## COMPLAINT

COMES NOW the Plaintiff, by counsel, and as her Complaint against the Defendant NCO FINANCIAL SYSTEMS, INC. respectfully alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 USC Section 1692, et seq (hereinafter, FDCPA) which prohibits debt collectors from engaging in abusive, deceptive and unfair practices

2. Jurisdiction of this Court arises under 15 USC Section 1692k(d).

3. Plaintiff is a natural person who is a resident of the Commonwealth of Virginia.

4. Defendant is a Corporation authorized to transact business in the Commonwealth of Virginia.

5. Defendant regularly attempts to collect debts from consumers alleged to be due another, including the use of mails and telephone.

6. Within the 12 months preceding the filing of this action, Defendant has attempted to collect a debt owed by Plaintiff to Citibank.

7. Prior to Defendant attempting to collect the Citibank debt, a different collection firm, Mitchell N. Kay, PC, had been collecting the debt on behalf of Citibank.

8. While Mitchell N. Kay was collecting the debt, Plaintiff and Mitchell N. Kay, PC entered into a settlement and payment plan for the debt.

9. Part of the settlement and payment plan entered between Plaintiff and Mitchell N. Kay, PC included a negotiated amount to be paid.

10. Plaintiff made all payments required under the settlement and payment plan to Mitchell N. Kay, PC

11. When Defendant began to collect this debt, it did not give Plaintiff credit for the payments or negotiated amount to be paid. In effect, Defendant acted as if the settlement and payment plan agreed to between Plaintiff and the prior debt collection firm did not exist.

12. Plaintiff brought the fact of the settlement and payment plan to Defendant's attention.

13. Even after being made aware of its existence, Defendant refused to provide Plaintiff with credits or otherwise honor the settlement agreement and payment plan.

14. Citibank subsequently informed Plaintiff that Mitchell N. Kay, PC had not remitted to them any sums it had collected on her or thousands of other consumers.

15. On information and belief, Defendant has taken over all of the Citibank accounts that had formerly been with Mitchell N. Kay, PC.

16. On information and belief, Defendant has refused to provide credits to any of the

consumers who had made payments to Mitchell N. Kay, PC for their Citibank accounts.

17. When Plaintiff complained to Defendant about this, Defendant still refused to provide any credits to her or otherwise honor the settlement and payment plan she had entered into.

18. In August, 2007, Plaintiff spoke to an agent at Defendant known as "April".

19. During her telephone conversation with "April", "April" claimed that unless the entire balance claimed by Defendant was paid by September 1, 2007, Defendant would garnish her paycheck and freeze her bank accounts.

20. In August, 2007, Plaintiff spoke to an agent at Defendant known as "Mr. Robeson".

21. During her telephone conversation with "Mr. Robeson", "Mr. Robeson" claimed that unless the entire balance claimed by Defendant was paid by September 1, 2007, Defendant would garnish her paycheck and freeze her bank accounts.

22. Defendant is not licensed in Virginia as an attorney, and thus lacks the legal status to garnish bank accounts or paychecks.

23. Defendant has not in fact garnished Plaintiff's bank account or frozen her bank accounts as of the date of the filing of this Complaint.

24. Plaintiff disputed this debt through an attorney, and notified Defendant that she was represented by counsel, and that all communications should come through counsel.

25. Notwithstanding this fact, Defendant has continued to contact Plaintiff directly,

ignoring several instructions to cease contacting Plaintiff and instead to deal with her attorney.

26. Defendant is a debt collector as defined by 15 USC 1692a(6)

27. Defendant's actions described above violated the Fair Debt Collection Practices Act, 15 USC Section 1692, et seq

28. As a result of the Defendant's violations of the Fair Debt Collection Practices Act, as described above, the Plaintiff has suffered actual damages including credit damage, emotional distress, out of pocket expenses, embarrassment, humiliation, injuries to personal relations and time lost from her gainful employment, and is also entitled to an award of statutory damages, costs and attorney fees.

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant NCO FINANCIAL SYSTEMS, INC., in the amount of equal to any actual damages sustained by the Plaintiff, statutory damages; interest at the legal rate from August 31, 2007, until paid; all court costs; reasonable attorney fees; declaratory and injunctive relief against the Defendant prohibiting them from continuing the violative actions, and such other and further relief as this Honorable Court deems appropriate.

CYNTHIA LUNSFORD,
formerly known as CYNTHIA POMPA
By Counsel

_____
Thomas R. Breeden, Esquire, VSB # 33410
Thomas R. Breeden, P.C.
7900 Sudley Road, Suite 600
Manassas, Virginia 20109
(703) 361-9277, facsimile (703) 257-2259
Counsel for Plaintiff